UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TYRONE NOEL NUNN, | Case No. 2:24-cv-01874-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| UNITED STATES DISTRICT COURT, *et al.*, | |
| Defendants. | |

## I.  INTRODUCTION

Plaintiff Tyrone Nunn brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered during his state criminal case. (ECF No. 2-1). On December 4, 2024, this Court ordered Nunn to either pay the full $405 filing fee or file a complete application to proceed *in forma pauperis* by January 3, 2025. (ECF No. 4). But that deadline expired without payment of the filing fee, a complete *in forma pauperis* application, or other response from Nunn.

## II.  DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal

Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Nunn's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this Court cannot operate without collecting reasonable fees, and litigation cannot progress without Nunn's compliance with the Court's orders, the only alternative is to enter a second order setting another deadline. But repeating an ignored order often only delays the inevitable and further squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

///

///

### III.     CONCLUSION

Having thoroughly considered the above factors, the Court finds that they weigh in favor of dismissal. Therefore, **IT IS ORDERED** that this action is **DISMISSED without prejudice** based on Nunn's failure to address the matter of the filing fee in compliance with this Court's December 4, 2024 Order. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that Plaintiff may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this order within 28 days. In this motion, the Plaintiff would need to explain that circumstances which led to him not being able to address the filing fee in compliance with the Court's Order. If the Court finds there is good cause or a reasonable explanation for the failure, the Court will vacate the judgment and reopen the case.

**DATED:** April 14, 2025.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**